UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JUAN CARLOS ROCHA, | |
|      Petitioner, | Civil Action No. 5: 16-386-KKC |
| V. | **MEMORANDUM OPINION**<br>**AND ORDER** |
| FRANCISCO J. QUINTANA, Warden, | |
|      Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Juan Carlos Rocha is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Rocha has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of prison disciplinary sanctions. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Rocha's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Rocha's claim in his petition arises from his inability to provide a urine sample to prison officials on July 3, 2015. An Incident Report was issued on July 3, 2015, which charged him with refusing to provide a urine sample, refusing to breathe into a breathalyzer, and refusing to take part

in other drug abuse testing.  A Disciplinary Hearing Officer ("DHO") conducted a hearing on July 14, 2015 and found Rocha guilty of the disciplinary offense in a report dated July 29, 2015.  The DHO imposed various sanctions, including the forfeiture or disallowance of 41 days of good conduct time.  [R. 1-1 at p. 2-5].

In his petition, Rocha claims that, although the Report issued by the DHO states that Rocha did not present any documentary evidence, nor did he request any witnesses, Rocha was prevented from doing so.  Rocha generally argues that the fact that he was in the SHU before his DHO hearing greatly limited his ability to obtain documents that he wanted to present at the DHO hearing, particularly documents regarding his prior urine and breath samples.  He also claims that, although he wrote several requests to staff seeking specific prison records that he could use as evidence at his hearing, these requests were ignored and/or he was told that he would have to wait until after his DHO hearing.  He also claims that he was prevented from calling witnesses.  He also complains that the reasons that he gave for being unable to provide the urine sample within the time provided (including that he was dehydrated from his job, he was constipated, and he was taking over the counter allergy tablets) were not reflected in the DHO's report.  Finally, he purports to challenge 28 C.F.R. § 550.31 and the BOP's Policy Statement ("PS")-6060.08 outlining the procedures for taking a urine sample from inmates "as written and as applied to all inmates," on the grounds that these regulations violate due process because "they are unreasonable, arbitrary, and capricious, and are void for vagueness."  [R. 1 at p. 12].

However, Rocha's claim that 28 C.F.R. § 550.31 and PS-6060.08 are unconstitutional on their face because they violate due process fails as a matter of law.  To prevail on a claim that these policies are unconstitutional on their face, Rocha "must establish that no set of circumstances exists under which the [challenged policies] would be valid."  *United States v. Salerno*, 481 U.S. 739,

745 (1987). *See also Cincinnati Women's Services, Inc. v. Taft*, 468 F.3d 361, 368 (6th Cir. 2006). Rocha specifically challenges the presumption provided by the regulations that "[a]n inmate is presumed to be unwilling [to provide a urine sample] if the inmate fails to provide a urine sample within the allotted time period." 28 C.F.R. § 550.31. However, an inmate may rebut this presumption during the disciplinary process. *Id.* Although Rocha argues that "it is close to impossible for an inmate to rebut the presumption," he fails to support this claim with anything other than his own conclusory allegations. Regardless, because the presumption of the regulations is rebuttable during the disciplinary process, the regulations themselves do not violate the due process clause. *See Ramey v. Hawk*, 730 F.Supp. 1366, 1375 (E.D.N.C. 1989)("The BOP's Policy 6060.4, implemented pursuant to 28 C.F.R. § 550 *et seq.,* is constitutional both on its face and as it was applied to plaintiff."). Thus, Rocha's facial challenge to the constitutionality of these regulations fails.

However, the Court finds that the remainder of the allegations of the petition warrant response and further elaboration from the respondent.

Accordingly, **IT IS ORDERED** that:

1.      The Clerk of the Court shall prepare copies of the following documents and forward each by certified mail to Respondent Francisco J. Quintana, Warden of FMC-Lexington, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky:

a.      Rocha's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [R. 1]; and

b.      This Order.

2.      Respondent shall file a response to the petition within 60 days.  The traverse shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition; a formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings.  Respondent shall also include any documentary evidence relevant to either Petitioner's claims or Respondent's response thereto as attachments.

3.      Rocha must keep the Clerk of the Court informed of his current mailing address. ***Failure to notify the Clerk of any address change may result in a dismissal of this case***.

4.      Rocha must send a copy of every document he files with the Court to Respondent or its attorney.  The original document petitioner files with the Court must include his statement certifying that he has done so and the date the document was mailed to Respondent.  Any document filed without the required certification will be disregarded by the Court.

5.      Rocha must communicate with the Court ***solely*** through notices or motions filed with the Court.  ***The Court will disregard correspondence sent directly to the judge's chambers.***

Dated March 21, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY