UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JUAN CARLOS ROCHA,

    Petitioner,

V.

FRANCISCO J. QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 16-386-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Juan Carlos Rocha is an inmate formerly confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky.[1] Rocha has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of prison disciplinary sanctions, specifically, the forfeiture or disallowance of 41 days of good conduct time. [R. 1] After conducting an initial review of Rocha's petition pursuant to 28 U.S.C. § 2243, the Court dismissed allegations of his petition challenging certain regulations, but found that the remainder of the allegations warranted a response and further elaboration from the Respondent, J. Ray Ormond. [R. 3]

In response to the petition, Respondent submits evidence that Rocha was released from the custody of the Federal Bureau of Prisons ("BOP") on April 16, 2018, via good conduct release. [R. 6-1, Declaration of Robin Eads] Thus, according to Respondent, his petition no longer presents an active controversy for the Court's review. [R. 6]

Article III's case or controversy requirement limits the federal courts' jurisdiction to addressing "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(citation omitted). If "events occur during

---

[1] As discussed more fully herein, although Rocha was confined at FMC-Lexington when he filed his habeas petition, he has since been released from the custody of the Federal Bureau of Prisons. However, Rocha has not updated his current mailing address with the Clerk of the Court, despite previous instructions that his failure to do so may result in the dismissal of his case. [R. 3]

the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)(internal citations and quotation marks omitted).

In this case, Rocha's petition requests the restoration of 41 days of Good Conduct Time which were disallowed as a sanction after a Disciplinary Hearing Officer found Rocha guilty of a disciplinary offense. [R. 1-1 at p. 2-5] However, as Rocha is no longer in BOP custody, this Court is no longer able to provide him with any relief. *See Watts v. Stephens*, No. 12–2011–STA–dkv, 2014 WL 1026281, at *1 (W.D. Tenn. Mar. 17, 2014); *Watkins v. Haynes*, Civil Action No. CV209–198, 2010 WL 2892702, at *2 (S.D. Ga. June 25, 2010) ("As Watkins has been released from custody, this Court could not provide him any relief with a favorable decision, and this petition is moot." Therefore, the Court will deny Rocha's petition as moot. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. Rocha's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED AS MOOT**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

Dated May 25, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY